GOTHARD, Judge.
The State, through the Department of Public Safety appeals a decision of the trial court in which a restricted Louisiana driver’s license was issued to plaintiff, Allen J. Kluchin. We reverse.
Plaintiff filed an application for a restricted hardship driver’s license asserting that his driver’s license was suspended as a result of a conviction for driving while intoxicated (DWI). He contended that, without his driver’s license he would be unable to work, and requested a hardship license be issued allowing him to drive to and from work and in the course of his employment.
After hearing arguments by counsel, the trial court granted the restricted license allowing Kluchin to drive during working hours in vehicles for the Corps of Engineers. The State appeals that decision arguing that Kluchin was ineligible for a restricted driver’s license under the law or, in the alternative, he failed to prove that he was entitled to a restricted driver’s license.
In his original petition plaintiff asserted that he was convicted “on or about the 28th day of November, 1990” of a violation of LSA-R.S. 32:414 and that he received notice dated January 31,1991 that his driver’s license would be suspended for sixty days. His application for a restricted driver’s license was filed on June 19, 1991.
At a hearing on the matter held on August 16, 1991, the State introduced a certi *717 fied copy of Kluchin’s driving record. Also introduced into the record were certified copies of court minutes from the City Court of Lafayette and the District Court in Rapides Parish. A review of these documents reveals that Kluchin pled guilty on two occasions, November 5, 1990 and November 28, 1990, to driving while intoxicated. Further, on January 8, 1991 he pled guilty to driving while under suspension.[1]
The plaintiff offered no testimony or documentary evidence to refute that introduced by the State. Counsel for plaintiff admitted plaintiff had two DWI convictions on his record, but argued that they should be considered as one continuing offense since the incidents occurred so close in time.
LSA-R.S. 32:415.1(A)(1) provides in pertinent part:
A. (1) Upon suspension, revocation, or cancellation of a person’s drivers license for the first time only as provided for under R.S. 32:414 and R.S. 32:415 said person, after initial notice from the department, shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood. The district court is vested with jurisdiction to set the matter for contradictory hearing in open court upon ten days written notice to the department, and thereupon to determine whether the allegations of hardship have merit. Upon determination by the court that the lack of a license would deprive the person or his family of the necessities of life, the court may order that the person be granted, by the department, a restricted license to enable the person to continue to support his family. (Emphasis added.)
The statute is clear. It allows an individual, convicted of DWI to petition the court for a hardship license only after the first conviction. When, as here, the record distinctly shows, and plaintiff admits, two DWI convictions, there is no right to be considered for a hardship license.
Kluchin’s argument that, because he was convicted for two separate incidents of driving while intoxicated in the same month, he should be considered eligible for a hardship license is novel, but totally without merit.
For the foregoing reasons we reverse the judgment of the trial court. All costs of this appeal are assessed to plaintiff/appel-lee.
REVERSED.

. There are other suspensions beginning in 1988 for submission to tests of intoxication and the record shows he was under suspension until January 8, 1992 for the November 5, 1990 conviction.